MARIA W. ALDEN, APPELLEE, V. GEORGE W. FRANK IM-
    PROVEMENT COMPANY ET AL., APPELLANTS.

FILED DECEMBER 8, 1898.   No. 8503.

1. Assignability of Contract.  A contract imposing on a party having
    an interest in the profits of land purchased by another for specu-
    lation a duty to pay the taxes and make sales declared in the
    closing sentence "that the stipulations aforesaid are to bind the
    heirs, executors, administrators, and assigns of the respective
    parties."  Held, That the contract was assignable.

2. Contract: CONSTRUCTION OF ASSIGNMENT.  An assignment of the
    "right, title, and interest" of the party on whom such duty was
    imposed, construed in the light of surrounding circumstances and
    held to be an assignment of the benefits of the contract and not
    a repudiation of its burdens.

APPEAL from the district court of Buffalo county.
Heard below before SINCLAIR, J.   Reversed.

E. C. & H. V. Calkins, for appellants.

Dryden & Main, contra.

SULLIVAN, J.

Maria W. Alden brought this action in the district
court to quiet and confirm her title to certain real estate
in Buffalo county, and to procure the cancellation of a
written agreement entered into between herself and the
defendant George W. Frank in relation to said property.
A trial resulted in a general finding in favor of the plain-
tiff and a decree in accordance with the prayer of the
petition.  The contract in question is as follows:

"This agreement, made this 22d day of July, 1897, be-
tween Maria W. Alden, whose post office is New York
city, party of the first part, and George W. Frank, of
Kearney, Nebraska, party of the second part, witnesseth:
That the party of the first part, for the sum of three thou-
sand and twenty-seven and 20-100 (3,027.20) dollars, hav-
ing purchased at the instance of the party of the second

part, for the joint benefit of the parties to this agreement, the following described real estate, situate in Buffalo county and state of Nebraska, to-wit: The north half (N. $\frac{1}{2}$) of the northwest quarter (NW. $\frac{1}{4}$) of section four (4), township eight (8), range sixteen (16) west, containing seventy-five and 68-100 (75 68-100) acres according to the government survey. Now, therefore, it is both well understood and agreed by and between the respective parties hereto that either party may at any time hereafter make sale of said real estate or any part thereof, subject to the approval of both parties, at the best price that can be obtained for the same, not less than the original cost and taxes paid thereon by the party of the first part, with interest on both cost and taxes at the rate of six per cent per annum; and the party of the second part is hereby authorized to sell and contract, in the name of the party of the first part, with any person or persons purchasing said real estate or any part thereof, upon such terms as to the mode and time of payment as he may judge for the interest of the parties hereto and as may be reasonable, and the said party of the first part, upon receiving notice, shall immediately execute to the purchaser thereof a conveyance in compliance with said sale and contract. All sales to be made subject to approval of both parties. The proceeds of each sale are to be applied as follows: First, in the payment to the party of the first part of all sums of money advanced for the purchase or real estate so sold, including all taxes paid thereon by the party of the first part, and interest on both purchase-money and taxes at the rate of six per cent per annum until returned to the party of the first part. Second, the residue shall be divided equally between the parties to this agreement, share and share alike. It is further agreed that the party of the first part shall furnish the necessary money to pay the taxes assessed upon the aforesaid real estate, it being the duty of the party of the second part to pay the taxes and to do and perform all the things necessary in the

selling of said real estate. It is further understood that the stipulations aforesaid are to bind the heirs, executors, administrators, and assigns of the respective parties."

On September 19, 1888, the defendant Frank made to his co-defendant, a corporation of which he was president, the following assignment, which was indorsed on the contract:

"I hereby sell and assign to the George W. Frank Improvement Company all my right, title, and interest in and to the within contract and the property therein described.           GEO. W. FRANK."

The contract was acknowledged by Frank, and both it and the assignment were recorded in the office of the register of deeds for Buffalo county.

It was the theory of the plaintiff in the court below, and it is the contention of her counsel here, that Frank's obligation was for personal services, and, therefore, not assignable; that the attempted assignment, though entirely ineffectual for the purpose intended, was a forfeiture of the contract and a release of the parties from the engagements which it evidenced. This view of the matter does not commend itself to our judgment. The parties had the right to make the contract assignable, and it seems to us that they have done so. We must ascertain their meaning by a fair interpretation of the language they have used. They have said that "the stipulations aforesaid are to bind the heirs, executors, administrators, and assigns of the respective parties." We are not authorized to say that the phrase "respective parties" means only the plaintiff. It refers to both Alden and Frank. If the contract does not truly express the agreement made the remedy is by reformation. The plaintiff's theory as to what the parties intended may be entirely right, but we cannot make the contract fit her theory by a procrustean process of construction.

There is another reason why the plaintiff cannot succeed. The assignment of Frank's "right, title, and interest" is not in terms an assignment of the contract.

Broadly construed, perhaps it is; narrowly interpreted, it is only a transfer of benefits and not of burdens. The parties, by their conduct, have given it a construction which we are disposed to accept. Frank does not consider himself absolved from his obligation "to pay the taxes and perform all things necessary in the selling of said real estate." That the plaintiff still considers him bound is shown by the fact that since the action was commenced she has called upon him to pay taxes on the land and has accepted services rendered by him under the contract. It was not alleged in the petition or proven on the trial that either Frank or the improvement company was in default of any duty due to the plaintiff. The assignment was not *per se* a repudiation of the obligations imposed by the contract. It furnished no sufficient ground for a cancellation of the agreement and a forfeiture of defendants' rights under it. There seems to be no adequate reason for the intervention of a court of equity in this case. The judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.